

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00079-CR

Andrew **MIERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2016cr7970
The Honorable Joey Contreras, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
             Karen Angelini, Justice
             Irene Rios, Justice

Delivered and Filed:  April 4, 2018

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea-bargain agreement, appellant pleaded guilty to the offense of possession of a controlled substance with intent to deliver (heroin, between 4 and 200 grams) and was sentenced to twenty years' imprisonment and assessed a $1,500.00 fine.  The trial court imposed sentence in the underlying cause on July 12, 2017.

Appellant did not file a motion for new trial.  Therefore, appellant's notice of appeal was due to be filed on August 11, 2017.  TEX. R. APP. P. 26.2(a)(1).  A motion for extension of time to file the notice of appeal was due on August 26, 2017.  TEX. R. APP. P. 26.3.  Appellant did not file

his notice of appeal until November 9, 2017, and appellant did not file a motion for extension of time.

On February 28, 2018, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant responded on March 15, 2018 and acknowledged the notice of appeal was not timely filed.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH